# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Starr Soucy,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-17-00110-TUC-DCB<br><br>**ORDER** |

REPORT AND RECOMMENDATION: ADOPTED

This matter was referred to Magistrate Judge Leslie A. Bowman on March 27, 2017, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On August 3, 2017, Magistrate Judge Bowman issued a Report and Recommendation (R&R). (Doc. 30.) She recommended that the Court deny and dismiss the habeas Petition and deny the motion to stay. The Magistrate Judge found the Petition to be time-barred and a stay to be futile. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition and the Motion to Stay.

STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28

U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. See also, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner, and the parties' briefs considered by the Magistrate Judge in deciding the Petition and motion.

OBJECTION

The Petitioner objects to the R&R. He challenges this Court's deference to the State's interpretation of state law, Ariz.R.Crim.P. 32, and argues it does not govern this case because the dismissal of his second Petition for Post Conviction Relief (PCR) was without prejudice—a circumstance not covered by Rule 32. He asks this Court to consider his third PCR Petition, filed on April 16, 2014, as an amended second PCR

Petition, which would relate back to March 4, 2013, the Notice date, and/or May 8, 2013, the filing date of the second PCR.

Rule 32 requires "a subsequent PCR notice to be filed within 30 days 'after the issuance of the final order or mandate by the appellate court in the petitioner's first Petition for post-conviction relief proceeding.'" (R&R (Doc. 28) at 2 (quoting Ariz. R. Crim. P. 32.4(a)). The first PCR became final on October 16, 2013. Under the Anti-Terrorism and Effective Death Penalty Act of 1997 (ADEPA), he had one year to seek habeas relief. Treating the third PCR as an amended second Petition provides Petitioner with a backdated filing date to March or May, 2013, -- either being timely. This would toll the one-year statute of limitations period until its resolution, which occurred August 22, 2016. Petitioner filed his habeas Petition with this Court on March 3, 2017. Accordingly, it would not be barred by the AEDPA one-year statute of limitations.

Petitioner's proposed scheme is not new. As the Magistrate Judge noted, the Arizona Court of Appeals rejected it and ruled that the third PCR Petition was untimely. This interpretation of state law by the state court binds this federal court sitting in habeas corpus. (R&R (Doc. 28) at 6 (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Alternatively, this Court agrees with the Magistrate Judge's logic in rejecting Petitioner's argument that the dismissal of the second PCR <u>without prejudice</u> confused him into believing it could be refiled, which he did when he filed the next (third) PCR Petition. The Magistrate Judge reasoned that any confusion ended once the PCR Court dismissed his third PCR Petition as untimely on June 24, 2015. Nothing prevented him from filing his habeas case then, and thereafter, the Petitioner lacked the requisite diligence necessary to toll the limitation period for filing a habeas case in federal court. The Court agrees that any equitable tolling due to confusion ended on June 24, 2016. He did not file his habeas case until March 3, 2017.

## CONCLUSION

The Magistrate Judge correctly found the habeas Petition is time-barred. A stay to allow Petitioner to exhaust unexhausted claims in the state courts would be futile. After a *de novo* review of the Petitioner's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the habeas Petition and the Motion to Stay. The Court adopts it, and for the reasons stated in the R&R, the Court denies both.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 28) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 31st day of August, 2017.

David C. Bury
United States District Judge